UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT J. GUIDRY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13558** |
| **RIVER BEND CORRECTIONAL CENTER, ET AL.** | **SECTION "N" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   Factual Background

The petitioner, Robert J. Guidry, Jr. ("Guidry"), is a convicted inmate incarcerated in the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana.[2] On November 8, 2007, Guidry was charged by bill of information in Terrebonne Parish with one count of simple rape of a female juvenile.[3] Guidry eventually entered a plea of guilty to the charge on August 11, 2008.[4] The Trial Court then sentenced him to serve twenty years in prison at hard labor without benefit of parole,

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1. The Court was advised that the petitioner was relocated from the River Bend Detention Center in Lake Providence, Louisiana. Rec. Doc. No. 19.

[3]St. Rec. Vol. 1 of 1, Bill of Information, 11/8/07. The record does not contain any factual details about the crime itself.

[4]St. Rec. Vol. 1 of 1, Plea Minutes, 8/11/08; Waiver of Constitutional Rights Plea of Guilty, 8/11/08.

probation, or suspension of sentence.[5] Guidry's conviction and sentence became final thirty (30) days later, on September 10, 2008, because he did not seek reconsideration of the sentence or move for leave to appeal. La. Code Crim. P. art. 914;[6] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

Guidry did not file any applications for post-conviction relief or other collateral review in the state courts after his conviction became final.[7] His only subsequent filings were attempts to obtain copies of certain documents, none of which are relevant to resolution of this federal petition.[8] On October 6, 2011, he signed and submitted to the Trial Court a motion to reconsider his sentence as excessive.[9] The Trial Court denied the motion for seeking untimely relief not provided for under Louisiana law.[10] Guidry did not seek review of the Trial Court's ruling.

## II. Federal Habeas Petition

On June 21, 2016, the clerk of the United States District Court for the Western District of Louisiana filed Guidry's petition for federal habeas corpus relief in which he asserted the following

---

[5]St. Rec. Vol. 1 of 1, Plea Minutes, 8/11/08.

[6]Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[7]The Court notes that, as a result of this failure, any claims presented to this Court have not been presented to the state courts for review and, but for the time bar discussed herein, the claims could be dismissed for failure to exhaust. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

[8]*See* St. Rec. Vol. 1 of 1, Trial Court Order, 3/22/13; Motion for Discovery, dated 3/14/13; Trial Court Order, 5/2/12, Motion for Production of Documents, dated 4/19/12; 1st Cir. Order, 2011-KW-1499, 9/26/11 (addressing Guidry's motion for production of documents).

[9]St. Rec. Vol. 1 of 1, Motion to Reconsider Sentence, dated 10/6/11.

[10]St. Rec. Vol. 1 of 1, Trial Court Order, 11/15/11.

grounds for relief:[11] (1) he was denied due process when (a) he was arrested without a warrant, (b) no DNA evidence was collected, (c) he was not given a preliminary examination, (d) he was not given a copy of the discovery; (2) he received ineffective assistance of counsel when counsel failed to hire an investigator, move for a preliminary hearing and did not adequately prepare for trial.

After the matter was transferred to this Court and opened upon granting of pauper status, the State was ordered to and filed a response in opposition to the petition asserting that the petition was not timely filed.[12]

### III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[13] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on June 17, 2016.[14] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies

---

[11]Rec. Doc. No. 1.

[12]Rec. Doc. No. 2, 3, 4, 6, 7, 15.

[13]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[14]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Western District docketed Guidry's petition on June 21, 2016, and it was later opened by this Court on August 8, 2016, when pauper status was granted. Guidry dated his signature on the form petition on June 17, 2016, which is the earliest date appearing in the record on which he could have presented the pleadings to prison officials for mailing to a federal court.

and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State contends and the record confirms that Guidry's federal petition was not timely filed under the AEDPA. For the reasons that follow, Guidry's petition should be dismissed as time barred.

## IV.   Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[15] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As stated above, Guidry's conviction was final under federal law on September 10, 2008. Pursuant to § 2244, Guidry had one year from that date, or September 10, 2009, to timely file a federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Guidry's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A.   Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[15] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in

5

the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA filing period began to run on September 11, 2008, the day after Guidry's conviction and sentence were final under federal law. The one-year AEDPA filing period continued to run without interruption from that date for 365 days, until September 10, 2009, when it expired. Guidry had no properly filed state application for post-conviction or other collateral review pending in any court during that time.

The Court notes that Guidry's motion to reconsider his sentence was not procedurally proper, according the holding of the state trial court and nevertheless and was filed on October 6, 2011, which was over two years after the AEDPA filing period expired. In addition, for the reasons cited above, Guidry's attempts to gather documents, which also apparently began in 2011, did not qualify as other collateral review under the AEDPA for tolling purposes.[16]

Guidry did not filed his federal petition until June 17, 2016, which was over six years and nine-months after the AEDPA filing period expired on September 10, 2009. Thus, Guidry's federal petition was not timely filed.

### B.   No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v.*

---

[16]The first mention of any such efforts appears in the order from the Louisiana First Circuit denying his writ application related to a motion for production of documents he claimed to have filed on June 1, 2011. St. Rec. Vol. 1 of 1, 1st Cir. Order, 2011-KW-1499, 9/26/11.

*Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three

7

times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Guidry has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects simply that the petitioner did not timely pursue federal habeas relief. There is no basis for equitable tolling in this case.

Thus, Guidry's federal petition filed on June 17, 2016, which was over six years and nine months after the AEDPA filing period expired on September 10, 2009, was not timely filed in this Court and must be dismissed for that reason.[17]

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Robert J. Guidry, Jr.'s petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

---

[17]Guidry is not entitled to excuse his untimely filed federal petition based on his assertion of claims of ineffective assistance of trial counsel. The United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1, __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), do not provide a basis for review of this untimely filed federal petition or his ineffective assistance of trial counsel claim.

In *Martinez*, the Court held that a state court imposed "'procedural default' will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added). The bar to review at issue in this case arises from petitioner's failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).

These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA. *See*, *In re Paredes*, No. 14-51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). For these reasons, neither *Martinez* nor *Trevino* provide this petitioner a basis for relief from the failure to meet the AEDPA's limitations period.

8

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[18]

New Orleans, Louisiana, this 6th day of July, 2017.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[18]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.